UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>IAMOND</small> L. D<small>ANIEL</small>,

  Plaintiff,

    v.

H<small>EARTLAND</small> E<small>MPLOYMENT</small>
S<small>ERVICES</small>, LLC.,

  Defendant.

_____/

Case No. 16-cv-11232

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
P<small>ATRICIA</small> T. M<small>ORRIS</small>

**O<small>PINION AND</small> O<small>RDER</small> G<small>RANTING</small> P<small>LAINTIFF'S</small> M<small>OTION FOR</small> L<small>EAVE TO</small> A<small>MEND</small>
C<small>OMPLAINT</small> [17]**

## I. Introduction

This is a whistleblower action. Plaintiff brings this claim against her former employer and alleges that she was unlawfully terminated after she reported a suspected violation of Michigan law. This action was originally brought in the Circuit Court for Macomb County, then removed based on diversity. Pending before the Court is the Plaintiff's Motion for Leave to Amend Complaint [17]. For the reasons stated below, the Court will **GRANT** Plaintiff's Motion.

## II. Procedural History

Diamond Daniel (hereinafter "Plaintiff") filed this action on March 14, 2016. Dkt. No. 1-2, p. 2 (Pg. ID 11). On April 5, 2016, the Defendant timely removed this case to federal court and filed its answer to the Complaint. Dkt. No. 1. On July 12,

2016, the Court issued an amended scheduling order. Dkt. No. 9. Pursuant to that scheduling order, discovery was due by December 15, 2016, the motion cut-off was set for January 17, 2017. *Id.* A jury trial is currently set for June 20, 2017. *Id.*

On November 30, 2016, the Plaintiff filed a Motion for Leave to Amend her Complaint. Dkt. No. 17. Concurrence was denied. *Id.*, p. 2 (Pg. ID 85). Plaintiff seeks leave to amend her Complaint to "raise an unpleaded issue" and to "clarify the extent of her whistle-blowing activities." *Id.*

This is a non-dispositive motion, therefore a response must have been filed within 14 days of service of the motion. *See* LR 7.1(e)(2)(B). Plaintiff served the Defendants on December 1, 2016. Dkt. No. 18. Therefore, Defendants had until December 15, 2016 to file their Response to the Plaintiff's motion. As of December 19, 2016, the Defendants have not filed a Response.

### III.   Discussion

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.*

In this case, the Plaintiff is outside the window for amending the Complaint as a matter of course. Because the opposing party does not consent, Plaintiff requires the Court's leave.

"[D]istrict courts have discretion to permit or deny amendment after a defendant files an answer to a plaintiff's complaint" *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 15-4406, 2016 WL 6832974, at *7 (6th Cir. Nov. 21, 2016). "Despite [Rule 15's] liberal amendment policy, denial may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

In the absence of a Response from the Defendant, the Court compared the original Complaint to the proposed Complaint. The Plaintiff made the following changes to the original Complaint:

- Amending the Defendant's name to reflect the real party in interest. *See* Dkt. No. 17-1, ¶ 2 (Pg. ID 91).
- Adding an allegation that the Plaintiff was retaliated against for reporting "substandard patient care to patient 'R.C.' ". *See* Dkt. No. 17-1, ¶ 6 (Pg. ID 91).
- Adding an allegation that the Plaintiff believed she was reporting violations of Michigan law when she threatened to

> report violations of Michigan law "and intentionally within the organization". *See* Dkt. No. 17-1, ¶ 10 (Pg. ID 92).
> - Increasing the amount of economic and non-economic damages to in excess of $75,000. *See* Dkt. No. 17-1, ¶¶ 12–13 (Pg. ID 92).
> - Adding a claim for economic damages in excess of $75,000 to Count I. *See* Dkt. No. 17-1, ¶ 26 (Pg. ID 93).

The Plaintiff's amendments can essentially be placed in two categories. First, the Plaintiff confirms that the amount of damages she is seeking is in excess $75,000. This amendment cannot cause any delay to trial or surprise to the Defendant because it is already known. Indeed, the Defendant acknowledges the amount in controversy exceeds $75,000 in its notice for removal. *See* Dkt. No. 1, p. 4 (Pg. ID 4).

Second, the Plaintiff adds the allegation that a patient received substandard care and that the Plaintiff attempted to report the situation to her employer. This new allegation will not cause prejudice or delay because it is intertwined with the original allegations in the Complaint.

This case arises from an alleged violation of the Michigan Whistleblowers' Protection Act. *See* Mich. Comp. Laws Ann. § 15.363. In the original Complaint, the Plaintiff alleged that the "Defendant retaliated against the Plaintiff for reporting and/or threatened to report to a public body an assault by one patient upon another committed at the facility (that the Defendant failed to report as required)." Dkt. No. 1-2, p. 5 (Pg. ID 14). Therefore, in the original Complaint, the Plaintiff accused the Defendant of breaching its duty to a patient. Because the new allegation of

substandard care is closely related to the original alleged failure to report that a patient was assaulted – this new allegation is unlikely to cause the Defendant any prejudice or delay.

## IV. Conclusion

In the absence of any showing of bad faith or prejudice, the Court will **GRANT** Plaintiff's Motion for Leave to Amend Complaint [17].

**SO ORDERED**.

Dated: December 20, 2016  /s/Gershwin A Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
  United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 20, 2016, by electronic and/or ordinary mail.

  /s/Tanya Bankston
  Case Manager, (313) 234-5213